**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

(1) David Scott Nelson,

Defendant.

Crim. No. 20-242 (SRN/BRT)

**ORDER**

---

Bradley M. Endicott, Esq., United States Attorney's Office, counsel for Plaintiff.

James R. Behrenbrinker, Esq., Behrenbrinker Law Firm, counsel for Defendant Nelson.

---

This action came before the Court on April 21, 2021, for a hearing on various pretrial motions filed by Defendant. The hearing was held by video conference via Zoom, by consent of the Defendant (Doc. Nos. 38, 40), because of the COVID-19 pandemic. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1. Defendant's Motion to Compel the Government to Disclose Evidence Favorable to Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and will continue to comply fully with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972). Defendant's Motion to Compel the Government to Disclose Evidence Favorable to Defendant **(Doc. No. 19)** is **GRANTED** to the extent it is not moot. Within **10 days** of

the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**2. Defendant's Motion for Disclosure of Statements of Unindicted Individuals and Informants.** Defendant moves the Court for an order pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968), compelling the Government to give notice and disclosure of its intent to use evidence at trial of statements or confessions of any unindicted individual, cooperating witness, or confidential reliable informant, and granting Defendant leave to file motions for suppression and/or motions *in limine*. The Government objects to this request to the extent it imposes upon the Government any affirmative duty other than may be imposed by *Bruton*, and its progeny. It represents that it will disclose *Brady* materials, and will resolve *Bruton* issues when they arise. Defendant's Motion for Disclosure of Statements of Unindicted Individuals and Informants **(Doc. No. 20)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent that the motion seeks evidence favorable to the Defendant, the statements will be produced pursuant to the Court's Order on the motion seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to the Defendant. The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968). The motion is otherwise **DENIED**. Any motions *in limine* shall be filed in accordance with the District Court's pretrial order.

And the Government may make Jencks Act material available to Defendant **three days** prior to trial as it has represented it would do.

**3. Defendant's Motion for Government Agent's to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion as stated, but does object to any order concerning disclosure of rough notes. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 21)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

**4. Defendant's Motion for Pretrial Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least thirty days prior to trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Pretrial Disclosure of Jencks Act Material **(Doc. No. 22)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary

reciprocal exchange of Jenks Act material with Defendant three days prior to trial as the Government has represented it would do.

**5. Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to produce or permit various items of inspection, copying, and photographing pursuant to Fed. R. Crim. P. 16. The Government represents that it has complied with Rule 16, and that it will continue to comply as additional materials come into its possession. Defendant's Motion for Discovery and Inspection **(Doc. No. 23)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. However, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**6. Defendant's Motion for Disclosure of 404(b) Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government objects to immediate disclosure but represents that it will comply with Rule

404 and that it is agreeable to disclosure 14 days prior to trial and on a continuing basis thereafter. Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 24)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

**7. Defendant's Motion Requesting a Hearing Pursuant to *Franks v. Delaware*.** In July 2020, the Government along with other governmental agencies initiated a firearms and narcotics investigation of Defendant. (Gov't Hr'g Ex. 1.) In July and August 2020, officers heard Defendant discussing criminal activity involving firearms and narcotics during routinely monitored phone calls with inmates in Minnesota Department of Corrections ("DOC") custody. (*Id.* at 4–6.) Based on the information learned during those calls, officers obtained a search warrant for cell site location information on Defendant's cellular telephone. (*Id.* at 6.) Between September 9 and September 20, 2020, cell site information indicated forty-seven "pings" from Defendant's phone at [XXX] Euclid Avenue, St. Paul, Minnesota. (*Id.* at 6–7.) Also in September 2020, investigators learned of additional calls made by Defendant to inmates in DOC custody wherein he made further statements about firearms and narcotics, including a recent encounter where his vehicle was struck by bullets. (*Id.* at 10–11.) The day after these comments were made, on September 11, 2020, Special Agent Scott B. Gleason located Defendant's vehicle and observed what appeared to be two bullet holes in the rear passenger side of the vehicle. (*Id.* at 11.) On September 22, 2020, an officer observed Defendant exit the rear of the [XXX] Euclid Avenue residence, enter a car registered to

his known girlfriend, and return to the residence. (*Id.* at 7.) That address was Defendant's girlfriend's registered residence with the Minnesota Department of Vehicle Services. (*Id.*)

Based on the above information, Special Agent Gleason sought and received a warrant to search the [XXX] Euclid Avenue residence, and officers executed the search on September 29, 2020. (Gov't Hr'g Ex. 1.) Various rounds of ammunition were found during the execution of the search warrant, and Defendant was charged with Felon in Possession of Ammunition – Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. No. 13, Indictment.) Defendant has prior felony convictions, and therefore is ineligible to possess firearms. (Gov't Hr'g Ex. 1 at 4; Indictment at 1–2.)

Defendant argues the search warrant application for [XXX] Euclid Avenue contains substantial false statements and seeks an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Specifically, Defendant contends that Special Agent Gleason's statements that "Defendant was living at the [XXX] Euclid address," and that Defendant "is utilizing this address on Euclid as his primary residence," were made with reckless disregard for the truth. (Doc. No. 48, Def.'s Mem. in Supp. of Mot. 3–5.) Defendant asserts that officers knew "there were at least two additional addresses that Defendant frequented," but omitted that information from the affidavit. (*Id.* at 5.) Defendant contends the assertion that the Euclid Avenue address was Defendant's primary residence "was critical to the finding of probable cause to issue a search warrant" for the address. (*Id.*)

The Government opposes Defendant's motion for a *Franks* hearing. (*See* Doc. No. 55.) The Court received Defendant's Exhibits 1–4 and Government Exhibit 1 at the

hearing. (Doc. No. 58.) The parties submitted briefs prior to the hearing on the issue, and argument at the hearing. The parties did not request further briefing on the issue.

A magistrate judge may be designated to rule on any non-dispositive matter pending before the court. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(a). Motions for *Franks* hearings are non-dispositive. *See, e.g.*, *United States v. Mays*, No. 19-cr-0075 (ECT/HB), 2019 WL 4565636, at *1, 4 (D. Minn. Sept. 20, 2019).

"A search warrant may be invalid if the issuing judge's probable cause determination was based on an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth." *United States v. Conant*, 799 F.3d 1195, 1199 (8th Cir. 2015) (quoting *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001)). "To prevail on a *Franks* claim the defendants must show: (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause." *Reinholz*, 245 F.3d at 774. "The same analysis applies to omissions of fact. The defendant must show: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Id.*

To get a *Franks* hearing, Defendant must make "a substantial preliminary showing" that the affiant at least recklessly disregarded the truth through a false statement or omission and that the false statement or omission "is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56; *see also United States v. Daigle*, 947

F.3d 1076, 1084 (8th Cir. 2020). This preliminary showing requires Defendant to "offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). "A *Franks* hearing must be denied unless the defendant makes a strong initial showing of deliberate falsehood or reckless disregard for the truth." *United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) (quotations omitted). For omissions, recklessness "may be inferred . . . when the material omitted would have been clearly critical to the finding of probable cause." *Conant*, 799 F.3d at 1200 (quoting *United States v. McIntyre*, 646 F.3d 1107, 1114 (8th Cir. 2011)).

The Court concludes that Defendant has met his burden to make a substantial preliminary showing. Defendant's counsel highlighted, by providing exhibits to the Court, that there were at least two—and perhaps up to five— other residences that Defendant frequented and could have been his primary residence. (*See* Def. Hr'g Exs. 2, 3, 4.) At the hearing, defense counsel also explained that the pings referenced in the search warrant affidavit were only a small number of the total pings during that time-period, therefore indicating that Defendant was likely spending more of his time in places other than the Euclid Avenue residence. The Court agrees that although the affidavit links Defendant to narcotics and weapons activity through the DOC call records and links Defendant to the Euclid Avenue residence through both surveillance and the cell phone pings, as Defendant's counsel argued at the hearing, without reference to the Euclid Avenue address being Defendant's primary residence, the search warrant affidavit otherwise lacks information linking the alleged criminal activity with that address. The

Court concludes that Defendant has made a substantial preliminary showing that the affidavit omitted other facts that would have weighed into whether the address was in fact Defendant's primary residence, which, in light of the lack of other facts linking criminal activity to the residence, could be critical to the finding of probable cause. The omission of these facts allowed a judicial officer to draw inferences about where Defendant's primary residence would have been, and therefore, where Defendant likely would store weapons or narcotics; these inferences may not have been drawn if the other facts were included.

Because Defendant has made a substantial preliminary showing that either the officer recklessly disregarded the truth about the Euclid Avenue address being Defendant's primary residence, or the officer omitted statements that would have affected the probable cause determination and therefore reckless disregard for truth can be inferred, further inquiry at a hearing will be allowed.

Accordingly, Defendant's Motion Requesting a Hearing Pursuant to *Franks v. Delaware* **(Doc. No. 47)** is **GRANTED**. On or before **May 12, 2021**, Defendant's counsel must file a notice of whether Defendant consents to a video hearing for the *Franks* hearing or whether Defendant requests an in-person hearing. A hearing will be scheduled once this notice has been filed. Defendant's related motion to suppress evidence, referenced below, will be addressed in a subsequent Report and Recommendation.

**8. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained from the execution of a search warrant issued September 25, 2020, of Defendant's alleged residence on Euclid Avenue in St. Paul, Minnesota.[1] The Government opposes the motion to suppress. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 17)** will be taken under advisement after the above-referenced *Franks* hearing takes place, and after all post-hearing briefing is received by the Court. The Court will thereafter issue a **Report and Recommendation** to the District Court.

**9.** The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Susan Richard Nelson following resolution of Defendant's Motion to Suppress.

Date: April 28, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

[1] Defendant withdrew his motion to the extent it challenged other search warrants in this case. (Doc. No. 43 ("Defendant does not wish to maintain, and hereby withdraws that portion of his motion that relates to a search warrant for (a) two digital devices (a cell telephone and a computer tablet), and (b) a BMW 750 automobile.").)